**Fill in this information to identify your case:**

Debtor 1 __Melissa Kay Van Meter__
Debtor 2 __
(Spouse, if filing)

United States Bankruptcy Court for the __Northern District of Georgia__
Case number  23-21240-jrs

[X] Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
1.3, 2.1, 3.3. 8.1

_____

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1.  See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.
*In the following notice to creditors, you must check each box that applies.*

**To Creditor(s):** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | [ ] Included | [✓] Not included |
|---|---|---|---|
| §1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | [ ] Included | [✓] Not included |
| §1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | [ ] Included | [✓] Not included |
| §1.3 | Nonstandard provisions, set out in Part 8. | [✓] Included | [ ] Not included |
| §1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | [ ] Included | [✓] Not included |

Debtor <u>Melissa Kay Van Meter</u>                              Case Number _____

**Part 2:  Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims**

### § 2.1  Regular Payments to the trustee; applicable commitment period.

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*

☑ 36 months [ ] 60 months.

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay <u>$691.00</u> per <u>Month</u> for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

[ ] The amount of the Regular Payment will change as follows  *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| Beginning on (insert date): | The Regular Payment amount will change to (insert amount): | For the following reason (insert reason for change): |
|---|---|---|
| | | |

### § 2.2  Regular Payments: method of payments.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

[ ] Debtor(s) will make payments directly to the trustee.

[ ] Other (*specify method of payment*):

### § 2.3  Income tax refunds.

*Check one.*

[ ] Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years 2023, 2024, 2025, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

[ ] Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4  Additional Payments.

*Check one.*

☑ **None.**  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

[ ] Debtor(s) will make additional payment(s) ("Additional Payments") to the trustee from other sources as specified below.  *Describe the source, estimated amount, and date of each anticipated payment.*

### § 2.5  [Intentionally omitted.]

### § 2.6  Disbursement of funds by trustee to holders of allowed claims.

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

Debtor Melissa Kay Van Meter        Case Number _____

| Part 3: | Treatment of Secured Claims. |

### § 3.1 Maintenance of payments and cure of defaults, if any.
Check one.

☑ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

### § 3.2 Request for valuation of security and modification of certain undersecured claims.
Check one.

☑ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

### § 3.3 Secured claims to be paid in full.
Check one.

[ ] None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| First Investors Financial Servicing Corp (POC 2) | 2017 Chrysler Pacifica | 06-13-2022 | $14,115.25 | 11% | $162.00 | $162.00 to increase to $449.00 beginning 4/2025 |
| W.S. Badcock Corp (POC 1) | HHG | 11-30-2022 | $4,407.05 | 8.00% | $49.00 | $49.00 |
| 1st Franklin Financial Corp (POC 6) | HHG | 12-29-2022 | $6,606.43 | 8.00% | $134.00 | $134.00 |

### § 3.4 Lien Avoidance.
Check one.

☑ None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

### § 3.5 Surrender of Collateral.
Check one.

☑ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

Debtor Melissa Kay Van Meter                              Case Number _____

### § 3.6 Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of 8%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or

    (b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4: Treatment of Fees and Priority Claims.

### § 4.1 General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2 Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3 Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $4770.00. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fee Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $287 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $2,500 not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,500 not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

[ ] None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

[✓] The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Internal Revenue Service | $0.00 |
| Georgia Department of Revenue | $0.00 |

Debtor **Melissa Kay Van Meter**          Case Number _____

### Part 5: Treatment Nonpriority Claims.

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:
*Check one.*

[✓] A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.
[ ] A pro rata portion of the larger of (1) the sum of  $ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.
[ ] The larger of (1) _%_ of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.
[ ] 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**
*Check one.*

[✓] None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**§ 5.3 Other separately classified nonpriority unsecured claims.**
*Check one.*

[✓] If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases.

**§ 6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.
*Check one.*

[ ] None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

[✓] Assumed items. Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly post-confirmation payment to cure arrearage |
|---|---|---|---|
| Ark Homes for Rent | Residential lease | $900.00 | $100.00 |

Debtor <u>Melissa Kay Van Meter</u>                          Case Number _____

**Part 7:** Vesting of the Property of the Estate.

**§ 7.1** Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

**Part 8:** Nonstandard Plan Provisions.

**§ 8.1** Check "None" or list Nonstandard Plan Provisions.

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

<u>First Investors Financial Servicing Corporation does not have to release the lien at discharge as the debt has an obligation by a non-filing cosigner and that First Investors Financial Servicing Corporation shall release the lien upon the payment of the debt being paid in full under the contract.</u>

**Part 9:** Signatures.

**§ 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).**
The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

/s/ Melissa Kay Van Meter
Signature of Debtor 1 executed on: <u>1/25/2024</u>

Signature of Debtor 2 executed on:

<u>34 Madaline Lane, Dawsonville, GA 30534</u>

/s/ Lorena Saedi
Signature of attorney for debtor(s)

Date: <u>1/25/2024</u>

Saedi Law Group

<u>3006 Clairmont Road 112, Atlanta, GA 30329</u>

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| IN RE: | | CASE NUMBER 23-21240-JRS |
|---|---|---|
| MELISSA KAY VAN METER | | CHAPTER 13 |
| **DEBTOR(S)** | | |

### CERTIFICATE OF SERVICE

The undersigned hereby swears or affirms that a copy of the Amended Chapter 13 Plan (Doc. 27) has been mailed to the following with sufficient postage affixed thereto to ensure delivery by first-class United States mail or by electronic means pursuant to Fed. R. Civ. P.(b)(2)(D) and Fed. R. Bankr. P. 9022:

MELISSA KAY VAN METER
34 Madaline Lane,
Dawsonville, GA 30534
*Served by email*

NANCY J. WHALEY
STANDING CHAPTER 13 TRUSTEE
303 PEACHTREE CENTER AVE., SUITE 120
ATLANTA, GA 30303
*Served by ECF*

*The attached creditor matrix has been served by first-class United States mail.*

Respectfully submitted,

Dated: Thursday, January 25, 2024

Saedi Law Group, LLC
_____/s/\_\_Lorena Saedi_____
Lorena L. Saedi 622072, Attorney for Debtor
3006 Clairmont Road
Suite 112
Atlanta, Georgia 30329
Phone: (404) 889-8663
Fax: (888) 850-1774
Lsaedi@SaediLawGroup.com

```
Label Matrix for local noticing          1st Franklin Financial              1st Franklin Financial Corporation
113E-2                                   Po Box 187                          PO Box 880
Case 23-21240-jrs                        Dahlonega, G  30533-0004            Toccoa, G  30577-0880
Northern District of Georgia
Gainesville
Thu Jan 25 08:20:07 EST 2024

1st Franklin Financial Corporation        rk Homes for Rent                  vante
 ttn:  dministrative Services            1170 Kane Concourse Ste 400         2950 S Gessner
PO Box 880                               Miami, FL 33154-2006                Houston, TX 77063-3751
Toccoa, G  30577-0880


Cap1/Wmt                                 Capital One                         Capital One N. .
Po Box 31293                             Po Box 85064                        4515 N Santa Fe  ve
Salt Lake City, UT 84131-0293            Glen  llen, V  23058                Oklahoma City, OK 73118-7901


Citi                                     Crdtonebnk                          First Inv Servicing Co
P.O. Box 6500                             ttn:  ccount Services              3065  kers Mill Rd Se St
Sioux Falls, SD 57117-6500               Las Vegas, NV 89193                  tlanta, G  30339-3124


First Investors Servicing Corporation    (p)GEORGI  DEP RTMENT OF REVENUE    Gs Bank Gm
3065  kers Mill Rd SE Suite 700          COMPLI NCE DIVISION                 200 West Street
 tlanta, Georgia 30339-3124               RCS B NKRUPTCY                     New York, NY 10282-2102
                                         1800 CENTURY BLVD NE SUITE 9100
                                          TL NT   G  30345-3202


(p)INTERN L REVENUE SERVICE              LVNV Funding, LLC                   (p)LOCKH RT MORRIS & MONTGOMERY INC
CENTR LIZED INSOLVENCY OPER TIONS        Resurgent Capital Services          1401 N CENTR L EXPY SUITE 201
PO BOX 7346                              PO Box 10587                        RICH RDSON TX 75080-4681
PHIL DELPHI  P  19101-7346               Greenville, SC 29603-0587


Midland Credit Management, Inc           Pink Dogwood 13, LLC                Quantum3 Group LLC as agent for
PO Box 2037                              PO BOX 1931                         CF Medical LLC
Warren, MI 48090-2037                    Burlingame, C  94011-1931           PO Box 788
                                                                             Kirkland, W   98083-0788


Quantum3 Group LLC as agent for          Philip L. Rubin                     Lorena Lee Saedi
Crown  sset Management LLC               Lefkoff Rubin Gleason Russo Williams PC  Saedi Law Group, LLC
PO Box 788                               Suite 900                           3006 Clairmont Rd. Ste 112
Kirkland, W   98083-0788                 5555 Glenridge Connector             tlanta, G  30329-1602
                                          tlanta, G  30342-4762


Security Fin                             United States  ttorney             Upstfinwse
Po Drawer 811                            Northern District of Georgia        2950 South Delaware St.
Spartanburg, SC 29304-0811               75 Ted Turner Drive SW, Suite 600   San Mateo, C  94403-2577
                                          tlanta G  30303-3309


Melissa Kay Van Meter                    W.S.Badcock Corporation             Nancy J. Whaley
34 Madaline Lane                         Post Office Box 724                 Nancy J. Whaley, Standing Ch. 13 Trustee
Dawsonville, G  30534-6657               Mulberry,FL 33860-0724              Suite 120, Truist Plaza Garden Offices
                                                                             303 Peachtree Center  venue
                                                                              tlanta, G  30303-1216
```

```
Daniel L. Wilder                    Windstream 486 HC-1116              Ws Badcock
Emmett L. Goodman, Jr., LLC         6716 Grade Lane                     200 Nphosphate Bv
Suite 800                           BLDG 9 Ste 910                      Mulberry, FL 33860-2328
544 Mulberry Street                 Louisville, KY 40213-3439
Macon, G  31201-2776
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of  ddress filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Georgia Department of Revenue       Internal Revenue Service            Lockhart,Morris & Mont
 ttn: Bankruptcy Department          ttn: Bankruptcy Unit               833 East  rapaho Rd
1800 Century Blvd NE, Ste 9100      Stop 225-D, PO Box 995              Richardson, TX 75081
 tlanta, G  30345                    tlanta, G  30370
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)First Investors Servicing Corp.          End of Label Matrix
                                            Mailable recipients   32
                                            Bypassed recipients    1
                                            Total                 33
```